UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES DANIELS, | ) | Case No.: 4:23 CV 2076 |
| Plaintiff, | )<br>)<br>) | JUDGE SOLOMON OLIVER, JR. |
| v. | )<br>) | |
| COUNTY OF MAHONING, *et. al.*, | )<br>) | <u>MEMORANDUM OF OPINION</u><br><u>AND ORDER</u> |
| Defendants. | ) | |

Charles Daniels filed this action *pro se* under 42 U.S.C. § 1983 to challenge the conditions of his confinement in the Mahoning County Justice Center as a federal pretrial detainee. On October 30, 2023, he filed a Motion to Amend his Complaint. (Doc. No. 3). That Motion is granted. The Amended Complaint does not identify any Defendants. Although the Amended Complaint takes the place of the original Complaint, the Court will liberally construe the Amended Complaint as being brought against the Defendants identified in the original Complaint, namely Mahoning County, the Mahoning County Justice Center, the Mahoning County Justice Center Food Service, the Mahoning County Contractor Food Service, the Mahoning County Justice Center Administration, the Mahoning County Commissioners (C. Rimedio, D. Ditzler, A. Traffitanti), the Mahoning County Sheriff (Jerry Greene), and the Mahoning County Justice Center Warden (Kountz) in their official and individual capacities. He seeks monetary damages.

**Background**

Plaintiff's Amended Complaint centers on conditions of confinement in the Mahoning County Justice Center. He begins by listing conditions in the segregation unit of the facility: (1) no outside recreation; (2) no human contact other than deputies who serve food; (3) 24-hour lighting; (4) no shower time; (5) no access to a law library or the Federal Rules of Criminal Procedure; (6) no access to laundry for underwear, tee shirts, socks or thermal clothes; (7) no access to books except Christian Bible. (Doc. No. 3 at PageID #: 35). Finally, he claims inmates sent to segregation are denied due process. He states they are not provided with written notice of the charges, a right to call witnesses, assistance in preparing for hearings, or a copy of the written decision or an impartial hearing officer.

Plaintiff also lists conditions of confinement in the general population of the facility. He claims: (1) inmates only receive a copy of the legal mail sent to them, rather than being allowed to keep the original; (2) the toilets frequently back up; (3) the facility "has an unacceptable level of occupant safety which is a direct affect of [Plaintiff's] security" (Doc. No. 3 at PageID #: 37); (4) inmate fights and assaults are at such a high rate that it causes him undue mental stress; (5) federal inmates are not to be housed in the jail pursuant to *Roberts et al. v. County of Mahoning, Ohio, A Local Government Entity et al.*, Case No. 4:03cv2329 (N.D. Ohio, filed Nov. 14, 2003)(Dowd, J.), except by Court order.[1]

---

[1] This reference appears to be to a Consent Judgment Entry filed in *Roberts et al v. County of Mahoning, Ohio, A Local Government Entity et al.*, Case No. 4:03cv2329 (N.D. Ohio, filed Nov. 14, 2003)(Dowd, J.), a civil rights action filed by eight prisoners located in Mahoning County Jail. On May 17, 2007, a three-judge panel entered a Consent Judgment Entry "with a stipulated population order and retained jurisdiction over the Consent Entry for three years." *Id.* at ECF No. 292 at 1, referencing ECF No. 266 (Batchelder, Dowd, Polster). The Panel's jurisdiction expired on May 17, 2010 by the terms of the Consent Entry. *Id.* at ECF No. 292. A stipulated motion to extend the Consent Entry was denied on May 18, 2010. *Id.* at ECF No. 292 at 2.

Plaintiff does not specify any legal claims he intends to assert. The Court liberally construes the Amended Complaint as asserting claims under the Fourteenth Amendment. He seeks monetary damages of $ 1,500,000.00 against each Defendant.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## Analysis

**I.     Standing**

As an initial matter, Plaintiff lists numerous conditions that affect portions of the inmate population at the Mahoning County Justice Center, but with very few exceptions, he does not allege any facts suggesting he personally experienced these conditions. The instant Complaint is one of fifteen separate actions that have all recently been filed against these same Defendants, complaining of the same or similar matters. While they are each a little different, they all appear to have used the same template. To have standing to bring a claim, each Plaintiff must allege an injury that is personal to the Plaintiff. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. " *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999)(quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Plaintiff's general list of conditions in the Justice Center, alone, does not establish his standing to bring the claims against the Defendants,

4

absent factual allegations that suggest he personally experienced these conditions and was directly damaged by them.

## II. Individual Capacity v. Official Capacity

Even if Plaintiff had established standing to bring some or all of these claims, he fails to identify a Defendant against whom they can be brought. Plaintiff brings his claims against the Defendants in their individual capacities and their official capacities. Individual capacity claims seek to hold a Defendant personally liable for damages. These claims must be based on the Defendant's own actions. A Defendant cannot be held liable simply because he or she was charged with overseeing a subordinate who may have violated Plaintiff's constitutional rights. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Instead, individual liability requires some active unconstitutional behavior on the part of the Defendant. *Peatross*, 818 F.3d at 241 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Consequently, unless Plaintiff affirmatively pleads the direct involvement of the Defendant in the allegedly unconstitutional action, the Complaint fails to state a claim against that Defendant and dismissal is warranted. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Conversely, claims asserted against Defendants in their official capacity are claims directed at the political entity they serve, not the individual Defendant. In this case, the claims asserted against Defendants in their official capacity are claims directed at Mahoning County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). These claims must be based on constitutional violations that occurred as the result of the County's own official policy enacted by its lawmakers, *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir.

2007) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)), or by the County's own custom which, while not officially memorialized in an ordinance, is so permanent and well-settled that it carries the force of law. *Monell*, 436 U.S. at 691. Section 1983 does not permit a Plaintiff to sue a local government entity on the theory of *respondeat superior*, meaning that he cannot sue the County for the actions of its employees. *Id*. at 692-94. The claims must be based on the County's own wrong-doing. Therefore, to demonstrate that the County's policies or customs caused constitutional harm, the Plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality (not just to an employee or official of the County), and (3) show that his particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cty.*, 14 F.4th 585, 598 (6th Cir. 2021)(quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018) (internal quotations omitted).

### A. Individual Capacity

Plaintiff does not include any allegations in his Amended Complaint that reasonably suggest any of the individual Defendants were personally responsible for the alleged constitutional violations on his list. Plaintiff cannot establish the individual liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities that form the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App. LEXIS 36082, 1995 WL 559381 (6th Cir. Sept. 20, 1995). There are no allegations against the County Commissioners, the Sheriff or the Acting Warden in the Amended Complaint to demonstrate that any of them was personally in the actions he asserts to be a violation of his constitutional rights. Absent allegations connecting the Defendants to the specific actions, Plaintiff cannot hold them liable in their individual capacities.

### B. Official Capacity

Plaintiff also fails to state a claim against Mahoning County. Mahoning County cannot be held liable for the unconstitutional actions of its employees. It can only be liable for its own wrongdoing. Plaintiff does not identify a municipal ordinance or official policy of the County that led to the conditions to which he objects, nor does he allege facts suggesting the conditions were the result of an official custom of Mahoning County as opposed the actions of individuals working within the Justice Center. Instead, these claims appear to be based against the County on a *respondeat superior* theory of liability. This is not a proper basis of liability under 42 U.S.C. § 1983. As a result, his claims against Mahoning County and all Defendants in their official capacities must be dismissed.

### C. Defendants that are not *sui juris*

The Mahoning County Justice Center, the Mahoning County Justice Center Food Service and the Mahoning County Justice Center Administration are not *sui juris*, meaning they are not legal entities that are capable of suing or being sued. They are merely subunits of the municipality they serve. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014)(finding sheriff's office is not *sui juris*); *Brooks v. Lorain Cty. Jail*, No. 1:20CV2384, 2021 WL 252534, at *2 (N.D. Ohio Jan. 26, 2021)(County jail is not *sui juris*); *Gibson v. Mechanicsburg Police Dep't*, No. 3:16cv48, 2017 WL 2418317, at *5 (S.D. Ohio 2017)(Mechanicsburg police department not *sui juris* ). As a consequence, Plaintiff's claims against these entities fail as a matter of law.

### III. Conditions of Confinement

Furthermore, Plaintiff fails to state a claim upon which relief may be granted on the merits. Plaintiff provides very few factual allegations. Most of his claims are general allegations contained

7

in single sentences that do not elaborate on the statements or describe how or even if he was affected by the conditions he lists.

Because Plaintiff's Complaint pertains to conditions he alleges he experienced as a pretrial detainee, his constitutional protections originate from the Due Process Clause of the Fourteenth Amendment, which protects detainees from being "punished prior to an adjudication of guilt" rather than the Eighth Amendment, which applies to prisoners convicted of crimes. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Like claims of convicted prisoners arising under the Eighth Amendment, a pretrial detainee's claims under the Fourteenth Amendment require that he demonstrate both subjective and objective components. *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 316-17 (6th Cir. 2023).

To satisfy the objective component, a pretrial detainee must demonstrate that he suffered a "sufficiently serious" condition or deprivation in the context of imprisonment. *Id*. at 317. In this regard, it is well-established that the Constitution does not mandate comfortable prisons or jails. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, only allegations of "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" are sufficient to state a claim. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992) (citations omitted).

To satisfy the subjective component, a pretrial detainee must show that a Defendant official "not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)); *see also Helphenstine*, 60 F.4th at 317.

Plaintiff complains in general terms that "the facility has an unacceptable level of occupant safety." He does not explain or elaborate on this statement. Overcrowding and insufficient staffing allocations, standing alone, do not violate the Constitution. *Rhodes*, 452 U.S. at 348; *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) ("Overcrowding is not, in and of itself, a constitutional violation"). Plaintiff fails to include any factual allegations that suggest this situation actually resulted in the deprivation of basic human needs such as adequate food, clothing, shelter, and medical care, or that it placed him at an actual and not conjectural risk of serious harm. His allegation that inmate fights and assaults are at a high rate that it causes him stress is also too general a statement to rise to the level of constitutional violation.

Plaintiff also claims that the toilets "in this facility do not operate properly and are usually filled with waste without being able to be flushed for hours while I am locked in my cell." (ECF No. 3 at PageID # 36). The Sixth Circuit has recognized on more than one occasion that the Constitution does not require flushable toilets in prison. *See, e.g. Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001)(citing *Rhodes*, 452 U.S. at 347) (a prisoner's claims alleging that he was deprived of a lower bunk, subjected to a flooded cell, and deprived of a working toilet amounted to "only temporary inconveniences and did not demonstrate that [his] conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency"); *Abdur-Reheem-X v. McGinnis*, 198 F.3d 244, 1999 U.S. App. LEXIS 29997, 1999 WL 1045069, at *2 (6th Cir.) (table) (the "Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets"); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) ("We do not agree that it violates the Eighth Amendment to require prisoners to use nonflushable toilets on occasion."). Plaintiff failed to allege facts demonstrating that

9

temporary placement as a detainee in a cell with a toilet that does not consistently flush is an extreme deprivation of a basic necessity, and thus, a violation of the Constitution.

Plaintiff fails to state a claim pertaining to his legal mail. He states that inmates receive copies of their legal mail, and not the original copy. This general statement, alone, does not suggest a viable legal cause of action. As an initial matter, not all mail that a prisoner receives from a legal source, counts as "legal mail." *Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003). Plaintiff alleges no facts to describe a particular situation that happened to him. Claims regarding mail are fact specific. To construct a claim for Plaintiff, the Court would have to speculate on what may have occurred. This is beyond the scope of liberal construction.

Plaintiff's reference to the consent decree in *Roberts et al v. County of Mahoning, Ohio, A Local Government Entity et al.*, Case No. 4:03cv2329 (N.D. Ohio, filed Nov. 14, 2003)(Dowd, J.) is unavailing. Jurisdiction to enforce the consent decree expired by the terms of the decree on on May 17, 2010. This Court lacks jurisdiction to entertain claims seeking to enforce provisions of that consent decree. *Miller v. Mahoning Cnty. Jail*, Case No. 4:12CV2751, 2013 U.S. Dist. LEXIS 91187 (N.D. Ohio filed Nov. 5, 2012).

Plaintiff also objects to conditions of confinement in segregation. Temporary confinement in disciplinary segregation, without more, however, does not satisfy the objective criteria. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Not every unpleasant experience a prisoner might endure while incarcerated amounts to a constitutional violation. The conditions described by Plaintiff - limited personal contact, no access to the law library or books, no shower time and no access to laundry - while unpleasant, do not suggest a deprivation of basic food, clothing, shelter, and medical care.

Finally, Plaintiff alleges that inmates are generally denied due process before being placed in segregation. He, however, does not allege facts suggesting that he was sent to segregation, and if so for how long or how frequently he experienced any of the conditions he lists. To analyze these claims would require the Court to make unwarranted factual assumptions, which is beyond the scope of the liberal construction given to *pro se* pleadings.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 30, 2024

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

11